O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEREZA CHALIKYAN, an individual, ) | Case No. CV 10-10009 DDP (SSx) |
| Plaintiff, ) | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| v. ) | |
| PROGRESSIVE CHOICE INSURANCE COMPANY, ) | [Motion filed on 1/26/11] |
| Defendant. ) | |

Presently before the court is Plaintiff's Motion to Remand. Having considered the submissions of the parties, the court GRANTS the motion and adopts the following order.

**I.  Background**

In 2006, Plaintiff purchased car insurance from Defendant. (Complaint ¶ 10).  In June 2009, Plaintiff's car was damaged after it caught fire on the freeway.  (Complaint ¶ 12).  Plaintiff immediately filed a claim with Defendant.  (Complaint ¶ 13).  After several months of investigation and communication with Plaintiff, who has limited English skills, Defendant denied Plaintiff's claim due to "lack of cooperation."  (Complaint ¶¶ 29, 34-35).

1     On November 15, 2010, Plaintiff filed suit against Defendant
2  in Los Angeles County Superior Court, alleging causes of action for
3  breach of contract and breach of the duty of good faith and fair
4  dealing.  Plaintiff's complaint seeks $25,000 in contract damages,
5  as well as unspecified damages for emotional distress, punitive
6  damages, and attorney's fees and costs.  (Complaint at 12).
7  Defendants removed to this court on December 29, 2010.  Plaintiff
8  now seeks to remand the case to state court.
9  **II. Discussion**
10      Federal subject matter based on diversity jurisdiction exists
11 only where "the matter in controversy exceeds the sum or value of
12 $75,000 exclusive of interest and costs." 28 U.S.C. § 1332(a).
13 "[I]n cases where a plaintiff's state court complaint does not
14 specify a particular amount of damages, the removing defendant
15 bears the burden of establishing by a preponderance of the
16 evidence, that the amount in controversy exceeds" the
17 jurisdictional amount.  Sanchez v. Monumental Life Ins. Co., 102
18 F.3d 398, 404 (9th Cir. 1996)  There is a strong presumption
19 against removal jurisdiction, which "must be rejected if there is
20 any doubt as to the right of removal in the first instance."
21 Geographic Expeditions, Inc. v. Estate of Lhotka ex. rel Lhotka,
22 599 F.3d 1102, 1107 (9th Cir. 2010) (citing Gauss v. Miles, Inc.,
23 980 F.2d 564, 567 (9th Cir. 1992).  The court must view all
24 allegations in the complaint in the light most favorable to the
25 non-movant and must accept all material allegations — as well as
26 any reasonable inferences to be drawn from them — as true.  North
27 Star Int'l v. Arizona Corp. Comm'n , 720 F.2d 578, 581 (9th Cir.
28 1983).

2

Here, Defendant has not met its burden to demonstrate that the amount in controversy more likely than not exceeds $75,000. Defendant acknowledges that Plaintiff seeks only $25,000 in contract damages. (Notice of Removal ¶ 7). Defendant goes on to assert that it is "legally certain" that the punitive damages and attorney's fees sought will, in conjunction with contract damages, exceed the jurisdictional amount. (Notice of Removal ¶ 7). Though Defendant is correct that punitive damages may be considered in determining the amount in controversy, Gibson v. Chrysler Corp., 261 F.3d 927. 946 (9th Cir. 2001), Defendant provides no evidence to support its claims.

Removing parties must identify underlying facts to support assertions that the jurisdictional amount is met. Gaus, 980 F2d. at 567. Here, Defendant points to Plaintiff's refusal to stipulate that the amount in controversy is less than $75,000 as proof that the amount in controversy in facts exceeds the jurisdictional minimum. (Notice of Removal ¶ 7). Plaintiff's refusal to so stipulate, however, does not constitute an underlying fact of Plainitiff's complaint sufficient to satisfy Defendant's burden. See Hiquera v. Target Corp., 2009 WL 435176 at *1 (S.D. Cal. 2009).

Defendant's only other evidence, submitted in support of the opposition to the instant motion, consists of Defendant's counsel's declaration that, based on his litigation experience, Plaintiff's counsel's "attorney's fees on an hourly basis will exceed $100,000." (Declaration of Michael J. O'Neill in Support of Opposition to Motion to Remand ¶ 7). Counsel's declaration is not sufficient to establish that the amount in controversy is met, particularly considering the fact that Plaintiff retained her

3

counsel on a contingency basis.  (Declaration of William M. Shernoff in Support of Reply ¶ 3).

### III. Conclusion

Defendant has failed to meet its burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Accordingly, Plaintiff's Motion to Remand is GRANTED, and the case is REMANDED to Los Angeles County Superior Court.

IT IS SO ORDERED.

Dated: August 25, 2011

DEAN D. PREGERSON
United States District Judge